# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. FELLEN, INC., a California corporation, dba SUNNYSIDE CONVALESCENT HOSPITAL, and DAKOTA MEDICAL, INC., a California corporation, dba GLENOAKS CONVALESCENT HOSPITAL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REHABCARE GROUP, INC., a Delaware corporation, and CANNON & ASSOCIATES, LLC, a Delaware limited liability corporation, dba POLARIS GROUP,<br><br>Defendants. | Case No. 1:14-cv-02081-GEB-SMS<br><br><br><br>**CLASS ACTION**<br><br>**ORDER ON STIPULATION FOR PROTECTIVE ORDER** |

Plaintiffs R. Fellen, Inc. dba Sunnyside Convalescent Hospital and Dakota Medical, Inc. dba Glenoaks Convalescent Hospital ("Plaintiffs") and Defendants RehabCare Group, Inc. and Cannon & Associates, LLC, dba Polaris Group (collectively "Defendants"), through their undersigned counsel, hereby stipulate to the following Protective Order. The Parties agree that due to the sensitive nature of the information which is expected to be disclosed, an Order from the Court adopting the Stipulation for Protective Order is necessary in order to provide the Parties with an efficient mechanism for addressing alleged violations of the Stipulation for Protective Order and other related issues given that the Parties are located in different parts of the nation.

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in paragraph 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Eastern District of California Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery in this matter as "CONFIDENTIAL."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony,

transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    2.7    <u>House Counsel</u>:  attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.8    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    2.9    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

    2.10    <u>Party</u>:  any party to this action, including all of its officers, directors, and employees.

    2.11    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

    2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    2.13    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated by a Party or Non-Party as "CONFIDENTIAL."

    2.14    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all

copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by Eastern District of California Local Rule 141.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents,

1   items, or communications for which protection is not warranted are not swept unjustifiably within
2   the ambit of this Stipulated Protective Order.

3   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown
4   to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily
5   encumber or retard the case development process or to impose unnecessary expenses and burdens on
6   other parties) expose the Designating Party to sanctions.

7   If it comes to a Designating Party's attention that information or items that it designated for
8   protection do not qualify for protection, that Designating Party must promptly notify all other Parties
9   that it is withdrawing the mistaken designation.

10   5.2   Manner and Timing of Designations.  Except as otherwise provided in this Stipulated
11   Protective Order (see, e.g., second paragraph of paragraph 5.2(a) below), or as otherwise stipulated
12   or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated
13   Protective Order must be clearly so designated before the material is disclosed or produced.

14   Designation in conformity with this Stipulated Protective Order requires:

15   (a)   for information in documentary form (e.g., paper or electronic documents, but
16   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party
17   affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion
18   or portions of the material on a page qualifies for protection, the Producing Party also must clearly
19   identify the protected portion(s) (e.g., by making appropriate markings in the margins).

20   A Party or Non-Party that makes original documents or materials available for inspection
21   need not designate them for protection until after the inspecting Party has indicated which material it
22   would like copied and produced. During the inspection and before the designation, all of the material
23   made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has
24   identified the documents it wants copied and produced, the Producing Party must determine which
25   documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then,

26
27
28

before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of

communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question

the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

    7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

    7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c) A putative class member if the Confidential Information is about such putative class member;

    (d) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (e) the trial and appellate courts, any mediator appointed in this action or agreed to by each Party, and the respective personnel of each of the foregoing;

(f) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3   If a party wishes to disclose any Confidential Information to any person not described in paragraph 7.2 (a)-(h) above, permission to so disclose must be requested from the Designating Party in writing.  If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless, upon motion by the Party requesting such permission, the Court orders otherwise.  However, each Party may disclose its own Confidential Information without regard to this Stipulated Protective Order, such disclosure not constituting a waiver.

7.4   A Receiving Party receiving Protected Material pursuant to this Stipulated Protective Order shall not disclose such Protected Material to any person to whom disclosure is not authorized by the terms of this Stipulated Protective Order, and shall not make any other disclosure of such Protected Material for any purpose whatsoever, commercial or otherwise. Protected Material shall not be used by any Receiving Party except in connection with the conduct of this litigation.  Use by any person of Protected Material for any purpose other than the conduct of this litigation shall be a violation of this Stipulated Protective Order.

7.5   A Receiving Party receiving Protected Material pursuant to this Stipulated

1  Protective Order shall maintain such Protected Material in a secure and safe area, and the
2  Receiving Party shall exercise all reasonable standards of due and proper care with respect to the
3  storage, custody, and use of such Protected Material so that this is not further disclosed or used,
4  either intentionally or inadvertently, in any manner inconsistent with this Stipulated Protective
5  Order.  Counsel shall maintain the originals of the forms of Exhibit A signed by persons
6  acknowledging their obligations under this Stipulated Protective Order for a period of one year
7  after dismissal of the action, the entry of a final judgment and/or the conclusion of any appeals
8  arising therefrom, whichever is later.

9  8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
10      LITIGATION

11  If a Party is served with a subpoena or a court order issued in other litigation that compels
12  disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party
13  must:

14  (a)  promptly notify in writing the Designating Party. Such notification shall include a
15  copy of the subpoena or court order;

16  (b) promptly notify in writing the party who caused the subpoena or order to issue in the
17  other litigation that some or all of the material covered by the subpoena or order is subject to this
18  Stipulated Protective Order. Such notification shall include a copy of this Protective Order; and

19  (c)  cooperate with respect to all reasonable procedures sought to be pursued by the
20  Designating Party whose Protected Material may be affected.

21  If the Designating Party timely seeks a protective order, the Party served with the subpoena
22  or court order shall not produce any information designated in this action as "CONFIDENTIAL"
23  before a determination by the court from which the subpoena or order issued, unless the Party has
24  obtained the Designating Party's permission. The Designating Party shall bear the burden and
25  expense of seeking protection in that court of its confidential material – and nothing in these

provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.  Nothing in these provisions should be

1  construed as authorizing or encouraging a Party or Non-Party to disobey a lawful directive from this
2  court.

3  10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

4  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
5  Material to any person or in any circumstance not authorized under this Protective Order, the
6  Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized
7  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)
8  inform the person or persons to whom unauthorized disclosures were made of all the terms of this
9  Protective Order, and (d) request such person or persons to execute the "Acknowledgment and
10 Agreement to Be Bound" that is attached hereto as Exhibit A.

11 11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
12     MATERIAL</u>

13 When a Producing Party gives notice to Receiving Parties that certain inadvertently produced
14 material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties
15 are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), and as set forth herein. This
16 provision is not intended to modify whatever procedure may be established in an e-discovery order
17 that provides for production without prior privilege review.

18 11.1 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to
19 designate qualified information or items does not, standing alone, waive the Designating Party's
20 right to secure protection under this Stipulated Protective Order for such material. Upon timely
21 correction of a designation, the Receiving Party must make reasonable efforts to assure that the
22 material is treated in accordance with the provisions of this Stipulated Protective Order.

23 11.2 This Protective Order is entered, inter alia, pursuant to Rule 502(d) of the Federal
24 Rules of Evidence.  If a Designating Party inadvertently discloses information in connection with
25 the pending litigation to another Party that the Designating Party thereafter claims to be privileged

or protected by the attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Designating Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding.

11.3   A Designating Party may assert in writing attorney-client privilege or work product protection with respect to Disclosed Protected Information.  The Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph 6, within 10 business days after the assertion of attorney-client privilege or work product protection with respect to the Disclosed Protected Information, (i) return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.  Within 5 business days after assertion of attorney-client privilege or work product protection with respect to Disclosed Protected Information, the Designating Party must produce a privilege log with respect to the Disclosed Protected Information.

11.4   The Parties may stipulate to extend the time periods set forth in sub-paragraph 11.3.

11.5   Disclosed Protected Information that is sought to be reclaimed by a Designating Party pursuant to this Stipulation Protective Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

11.6   The Designating Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information.

11.7   Nothing in this Stipulated Protective Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation

1  or other source, to return, and not to review, any privileged or work product materials without
2  being requested by the Designating Party to do so.

3  12.     MISCELLANEOUS

4      12.1    Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right
5  of any person to seek its modification by the court in the future.

6      12.2    Right to Assert Other Objections. By stipulating to the entry of this Stipulated
7  Protective Order no Party waives any right it otherwise would have to object to disclosing or
8  producing any information or item on any ground not addressed in this Stipulated Protective Order.
9  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material
10 covered by this Stipulated Protective Order.

11     12.3    Filing Protected Material. Without written permission from the Designating Party or a
12 court order secured after appropriate notice to all interested persons, a Party may not file in the
13 public record in this action any Protected Material. A Party that seeks to file under seal any Protected
14 Material must comply with Eastern District of California Local Rule 141. Protected Material may
15 only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected
16 Material at issue. Pursuant to Eastern District of California Local Rule 141, a sealing order will issue
17 only upon a request establishing that the Protected Material at issue is privileged, protectable as a
18 trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file
19 Protected Material under seal pursuant to Eastern District of California Local Rule 141 is denied by
20 the court, then the Receiving Party may file the information in the public record unless otherwise
21 instructed by the court.

22     12.4    Nothing in this Stipulated Protective Order shall bar Counsel from rendering advice
23 to their client(s) with respect to this litigation and, in the course thereof, relying upon any
24 Protected Material, provided that the Protected Material itself shall not be disclosed except under
25 to the terms of this Stipulated Protective Order.

12.5    This Stipulated Protective Order shall be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Stipulated Protective Order shall not be used by any Party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure, or any applicable local rules or orders of the Court.

12.6    This Stipulated Protective Order has no effect upon, and its scope shall not extend to, any Party's use of its own information.

12.7    The Parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court has and retains jurisdiction during and after the termination of this action for the purpose of enforcing this Stipulated Protective Order.  This Stipulated Protective Order shall, absent written permission of the pertinent party or parties or further order of this Court, survive the conclusion of this action, including without limitation any appeals therefrom. The Court may modify this Stipulated Protective Order on its own motion or upon motion by any party.

12.8    In the event that additional persons become Parties to this action, they shall not have access to Protected Material until the newly joined party or its Outside Counsel of Record confirms in writing that it agrees to be bound by the terms of this Stipulated Protective Order.

12.9    The Parties agree to be bound by the terms of this Stipulated Protective Order pending its entry by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if the Court had entered the Stipulated Protective Order.

13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether

15
[PROPOSED] ORDER ON STIPULATION FOR  PROTECTIVE ORDER
1:14-cv-02081-GEB-SMS

the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 4 above.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 2, 2015          LAW OFFICES OF SCOTT Z. ZIMMERMANN

/s/ Scott Z. Zimmermann
Scott Z. Zimmermann
Attorneys for Plaintiffs R. Fellen, Inc., dba Sunnyside Convalescent Hospital, and Dakota Medical, Inc., dba Glenoaks Convalescent Hospital

Dated: July 2, 2015          PAYNE & FEARS LLP

/s/ C. Darryl Cordero
C. Darryl Cordero
Attorneys for Plaintiffs R. Fellen, Inc., dba Sunnyside Convalescent Hospital, and Dakota Medical, Inc., dba Glenoaks Convalescent Hospital

| | | |
|---|---|---|
| Dated: July 2, 2015 | | PAYNE & FEARS LLP |

/s/ Matthew K. Brown
Matthew K. Brown
Attorneys for Plaintiffs R. Fellen, Inc., dba Sunnyside Convalescent Hospital, and Dakota Medical, Inc., dba Glenoaks Convalescent Hospital

Dated: July 2, 2015          PAYNE & FEARS LLP

/s/ Eric M. Kennedy
Eric M. Kennedy
Attorneys for Plaintiffs R. Fellen, Inc., dba Sunnyside Convalescent Hospital, and Dakota Medical, Inc., dba Glenoaks Convalescent Hospital

Dated: July 2, 2015          DOWLING AARON INCORPORATED

/s/ Donald R. Fischbach
Donald R. Fischbach
Attorneys for Plaintiffs R. Fellen, Inc., dba Sunnyside Convalescent Hospital, and Dakota Medical, Inc., dba Glenoaks Convalescent Hospital

Dated: July 2, 2015          DOWLING AARON INCORPORATED

/s/ Mark D. Kruthers
Mark D. Kruthers
Attorneys for Plaintiffs R. Fellen, Inc., dba Sunnyside Convalescent Hospital, and Dakota Medical, Inc., dba Glenoaks Convalescent Hospital

Dated: July 2, 2015          BROAD AND CASSEL

/s/ Jon M. Wilson
Jon M. Wilson
Attorneys for Defendant RehabCare Group, Inc.

Dated: July 2, 2015          BROAD AND CASSEL

/s/ Melissa J. Gomberg
Melissa J. Gomberg
Attorneys for Defendant RehabCare Group, Inc.

| | |
|---|---|
| Dated: July 2, 2015 | WANGER JONES HELSEY PC |
| | /s/ Oliver W. Wanger<br>Oliver W. Wanger<br>Attorneys for Defendant RehabCare Group, Inc. |
| Dated: July 2, 2015 | CARLSON & MESSER LLP |
| | /s/ Charles R. Messer<br>Charles R. Messer<br>Attorneys for Defendant Cannon & Associates, LLC, dba Polaris Group |
| Dated: July 2, 2015 | CARLSON & MESSER LLP |
| | /s/ David J. Kaminski<br>David J. Kaminski<br>Attorneys for Defendant Cannon & Associates, LLC, dba Polaris Group |
| Dated: July 2, 2015 | CARLSON & MESSER LLP |
| | /s/Stephen A. Watkins<br>Stephen A. Watkins<br>Attorneys for Defendant Cannon & Associates, LLC, dba Polaris Group |

**ORDER**

Having read and considered the parties' Stipulation For Protective Order, and for good cause therefore, the Court enters the Stipulation For Protective Order as an order of the Court with the following modification: The sentence beginning with the word "Pursuant" at page 14, line 16 and ending with the word "law" on line 18 is stricken.  Any issues with the filing of protected material will be addressed by the court accordingly under the appropriate rules.

IT IS SO ORDERED.

Dated:   **July 20, 2015**                                **/s/ Sandra M. Snyder**
                                                                         UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *R. Fellen, Inc., dba Sunnyside Convalescent Hospital, et al. v. RehabCare Group, Inc., et al.*, Case No. 1:14-cv-02081-GEB-SMS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____