1
2
3
4
5          **UNITED STATES DISTRICT COURT**
6          **EASTERN DISTRICT OF CALIFORNIA**
7

8    R. FELLEN, INC.; DAKOTA MEDICAL,       CASE NO. 1:14-CV-2081-MCE-SMS
     INC.,
9                                            ORDER GRANTING IN PART AND
                    Plaintiffs,              DENYING IN PART PLAINTIFF'S
10                                           MOTION TO COMPEL DEFENDANT
              v.                             CANNON & ASSOCIATES' FURTHER
11                                           RESPONSES
     REHABCARE GROUP, INC.; CANNON &
12   ASSOCIATES, LLC,                        Doc. 84

13                  Defendants.

14

15          Plaintiffs bring this case against Defendants for violations of the Telephone Consumer

16   Protection Act (47 U.S.C. § 227 and 47 C.F.R. § 64.1200) regarding Defendants allegedly sending

17   "junk faxes." Plaintiff R. Fellen Inc. d/b/a Sunnyside Convalescent Hospital ("Plaintiff") brings

18   this motion to compel Defendant Cannon & Associates, LLC d/b/a Polaris Group ("Defendant" or

19   "Polaris") to provide further responses to its interrogatories. Doc. 84. The parties have submitted a

20   joint statement regarding the discovery dispute. Doc. 89. This matter is suitable for decision

21   without oral argument and is considered on the pleadings.  Local Rule 230(g).

22       I.    SUMMARY

23          Plaintiff served interrogatories on Defendant, who, after two extensions and providing

24   exclusively objections, provided supplemental responses. Plaintiff brings this motion to compel

25   further responses to eight interrogatories which primarily seek information regarding Defendant's

26   affirmative defenses –that they had prior express permission ("PEP") from, or an existing business

27   relationship ("EBR") with, the recipients of the faxes. Defendant contends that it has answered

28   each interrogatory in full and provided all information in its possession. The parties have

1  sufficiently met and conferred with each other, and with the Court through informal telephonic

2  conferences, prior to filing this motion.

3      II.     RELEVANT RULES

4      Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery:

5      Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
       party's claim or defense and proportional to the needs of the case, considering the

6      importance of the issues at stake in the action, the amount in controversy, the parties'
       relative access to relevant information, the parties' resources, the importance of the

7      discovery in resolving the issues, and whether the burden or expense of the proposed
       discovery outweighs its likely benefit. Information within this scope of discovery need not

8      be admissible in evidence to be discoverable.

9  Fed. R. Civ. P. 26(b)(1). If a party fails to answer an interrogatory, a party may move for an order

10 compelling an answer, after attempting to obtain the sought information without court action. Fed.

11 R. Civ. P. 37(3)(B)(iii). Evasive or incomplete responses are treated as a failure to respond. Fed.

12 R. Civ. P. 37(4).

13     District courts have broad discretion to determine relevancy for discovery purposes. *Hallett*

14 *v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). For good cause, the court may order discovery of

15 any matter relevant to the subject matter involved in the action. Relevant information need not be

16 admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

17 admissible evidence. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

18     III.    DISCUSSION

19     A.   Interrogatories 1 and 5

20     Interrogatories 1 and 5 request that Defendant identify each person it contends gave PEP to

21 be sent faxes and each person with whom it had an EBR at the time faxes were sent. Defendant's

22 supplemental response to Interrogatory 1 stated that it received requests and authorizations from

23 hundreds or thousands of people and entities to receive information regarding Defendant.

24 Defendant responded that it routinely would receive contact information, including facsimile

25 numbers, by those with whom it conducted business. Defendant referred Plaintiff to Defendant's

26 customer relationship data, registration logs for 2010-2014 event registrations, and contracts

27 spreadsheet. Defendant also responded that it routinely would obtain contact information,

28 including facsimile numbers, at trade shows. Defendant referred Plaintiff to trade show attendance

lists, business cards received, and other attendance lists. Defendant also responded that industry association members provided their facsimile numbers to be included in those association membership directories. Defendant provided a non-inclusive list of industry associations. Defendant stated that additional documents were forthcoming, including additional business cards and updated customer relationship data and registration logs. Defendant was not aware of any responsive documents not included in the supplemental response. In responding to Interrogatory 5, Defendant referred to its response to Interrogatory 1.

Plaintiff argues that these responses are deficient because it contends that the law requires more than an exchange of contact information to constitute PEP or EBR, and Defendant's response does not demonstrate PEP or EBR from any of the identified parties. This argument is misplaced in a discovery motion. Plaintiff may make its argument regarding the sufficiency of Defendant's affirmative defense in a motion for summary judgement. Defendant has asserted that this is its only information supporting its PEP and EBR defense, and there are no other responsive documents. Plaintiff must accept this verified assertion.

Plaintiff also argues that it cannot discern from Defendant's response which parties Defendant actually sent or attempted to send a fax. This inquiry is beyond the scope of the interrogatory, which requests the identities of each party from or with whom it had PEP or an EBR when it sent the faxes, defined as any and all materials that discusses, describes, or promotes Defendant's goods or services sent by facsimile during the relevant time. As written, it does not limit the response to only those to whom Defendant actually sent a promotional fax.

However, Defendant's answer is incomplete in that it identifies various industry associations when asked to identify *persons*. It also states that the list of associations is non-inclusive. Therefore, this response does not answer the interrogatory which requests the identities of "all persons." Defendant contends that each person who provided their facsimile information in the membership directory provided permission to receive communications. To the extent that Defendant is aware of the identities of the *persons* that gave PEP, it must set forth those identities in its response to the interrogatories. Hence, Defendant is directed to provide Plaintiff with an amended response to Interrogatories 1 and 5, either identifying "all persons" on the industry

association membership directories from or with whom Defendant received PEP or had an EBR, or, if the identities of "all persons" are unknown, a statement regarding the same.

B. Interrogatories 2 and 6

Interrogatories 2 and 6 follow Interrogatories 1 and 5, requesting that Defendant describe the communications by which each person identified in Interrogatories 1 and 5 gave PEP and the circumstances regarding how the EBR began. Defendant's supplemental responses to Interrogatories 2 and 6 refer Plaintiff to its response to Interrogatory 1, discussed above.

Plaintiff argues that Defendant's response is incomplete because it does not identify the specific facts -who, what, when, and how- of the alleged communications and circumstances. Plaintiff also takes issue with Defendant's lack of specificity in answering the interrogatories. Plaintiff argues Defendant's response to the interrogatories should "focus on the Billian Facilities," even though no such focus is requested in the language of the interrogatories. Defendant argues that it has answered in full.

Here, Defendant has provided Plaintiff with the information it has regarding how it came to acquire contact information from each of the identified parties. It has produced the identities of persons it argues gave PEP or had an EBR and stated the nature of their relationship –registration logs from events, tradeshow attendance lists, etc. It also described how some of the contact information was obtained –by exchanging contact information at events or trade shows. Defendant also states that it does not maintain more specific information than that given. These interrogatories have been fully answered.

C. Interrogatories 3 and 4

Interrogatories 3 and 4 ask defendant Polaris regarding the EBRs established by defendant RehabCare, and how those EBRs came into place. Separate interrogatories were sent to RehabCare. Defendant Polaris responded that it lacks sufficient knowledge to respond to the interrogatories which are more appropriately directed to RehabCare. Defendant Polaris also directs Plaintiff to RehabCare's discovery response, which it attached.

Plaintiff argues that Defendant must respond to the interrogatory as to what EBR's defendant Polaris contends defendant RehabCare had during the relevant time. Defendant is

correct that this interrogatory is more appropriate directed towards RehabCare, a separate entity not controlled by Polaris. Polaris cannot be compelled to provide information within RehabCare's possession and control. Polaris' opinion as to RehabCare's EBRs is not relevant. Thus, Interrogatories 3 and 4 have been fully answered.

      D.  <u>Interrogatories 7 and 8</u>

      Interrogatories 7 and 8 seek each facsimile number and its origin to which faxes were sent that did not originate from Billian. Defendant responded that it did not independently track this information and it would be impossible to determine the origin of each fax number.

      These interrogatories are vague and excessively overbroad. According to the way "faxes" are defined as any communication describing Defendant's services sent by facsimile, Plaintiff potentially seeks the facsimile number of every party to whom Defendant ever sent a facsimile during the relevant time. This request is excessively overbroad and not reasonably calculated to the discovery of admissible evidence. Further, Defendant argues that it does not keep a record of the origination of each facsimile number. The existence of a number on the Billian's list does not necessarily mean that Defendant's possession of that number originated from the Billian's list. Defendant may have possessed that number prior to or independent of the Billian's list. As written, and because Defendant does not keep a record of each facsimile number's origin, Defendant is correct that there is no way for it to reasonably respond to this interrogatory. Hence, its further response cannot be compelled.

\\\
\\\
\\\

IV.    ORDER

For the foregoing reasons, it is hereby ordered as follows:

1.  Plaintiff's motion to compel Interrogatories 1 and 5 is GRANTED IN PART. Defendant shall, within 21 days of entry of this order, provide Plaintiff with an amended response to its Interrogatories 1 and 5, as specified above in this order; and

2.  Plaintiff's motion to compel Interrogatories 2, 3, 4, 6, 7, and 8 is DENIED.

IT IS SO ORDERED.

Dated:   **February 5, 2016**                    **/s/ Sandra M. Snyder**
                                             UNITED STATES MAGISTRATE JUDGE