**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| R. FELLEN, INC.; DAKOTA MEDICAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> REHABCARE GROUP, INC.; CANNON & ASSOCIATES, LLC, <br><br> Defendants. | CASE NO. 1:14-CV-2081-MCE-SMS <br><br> ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANT REHABCARE GROUP INC.'S FURTHER RESPONSES <br><br> Doc. 83 |

Plaintiffs bring this case against Defendants for violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 and 47 C.F.R. § 64.1200) regarding Defendants allegedly sending "junk faxes." Plaintiff R. Fellen Inc. d/b/a Sunnyside Convalescent Hospital ("Plaintiff") brings this motion to compel RehabCare Group, Inc. ("Defendant" or "RehabCare") to provide further responses to its interrogatories. Doc. 83. The parties have submitted a joint statement regarding the discovery dispute. Doc. 95. This matter is suitable for decision without oral argument and is considered on the pleadings.  Local Rule 230(g).

I.     SUMMARY

Plaintiff brings this motion to compel further responses to three interrogatories which seek information regarding Defendant's affirmative defense that they had prior express permission ("PEP") from the recipients of the faxes. Defendant contends that it never sent any faxes, and has fully answered each interrogatory. The parties have sufficiently met and conferred with each other, and with the Court through informal telephonic conferences, prior to filing this motion.

## II. RELEVANT RULES

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). If a party fails to answer an interrogatory, a party may move for an order compelling an answer, after attempting to obtain the sought information without court action. Fed. R. Civ. P. 37(3)(B)(iii). Evasive or incomplete responses are treated as a failure to respond. Fed. R. Civ. P. 37(4).

District courts have broad discretion to determine relevancy for discovery purposes. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

## III. DISCUSSION

### A. Interrogatories 1 and 2

Interrogatories 1 and 2 request the identities of each person Defendant contends gave it PEP to receive faxes and the communications surrounding the PEP. Defendant responded that it did not send any faxes. Defendant is a party to the lawsuit as a former owner of defendant Polaris based on vicarious liability, and intended to rely on Polaris's PEP defense if required. In its amended response, Defendant added that it contended that any member of the identified trade associations who provided their facsimile number in the association directory provided PEP to be sent faxes by other members in the association.

Plaintiff argues that Defendant was directly involved in sending the faxes at issue by buying the fax list, owning the website listed on many of the faxes, and directing Polaris's activities. Plaintiff argues that membership in a trade association or merely providing a facsimile number does not constitute PEP to receive faxes.

Defendant's response is clear and sufficient. Defendant's verified response is that it did not send any faxes and would rely on any PEP defense claimed by Polaris in the event of liability. Defendant argues and stated in its answer that it does not have independent knowledge of who may have given Polaris PEP. In addition, Plaintiff's argument regarding the sufficiency of Defendant's PEP defense is not properly placed in a motion to compel. Plaintiff's motion to compel further responses to these interrogatories is denied.

B.  Interrogatory 15

Interrogatory 15 seeks facts supporting Defendant's contention that Plaintiff gave PEP to be sent specifically identified faxes to their fax number. Defendant responded that, during the relevant time, Plaintiff provided its fax number for inclusion in the California Association of Health Facilities ("CAHF") membership directory, thereby giving all members of CAHF PEP to be sent faxes during the relevant time. Defendant further stated that it is without knowledge as to whether Plaintiff gave additional PEP to Polaris.

Plaintiff argues that these facts do not support a PEP defense as to Plaintiff, and argues that Defendant should be required to state that it is not aware of facts supporting this defense. This argument regarding the sufficiency of Defendant's potential defenses is not properly brought in a motion to compel. Defendant has responded with the facts it will use to support it or Polaris's PEP defense and plainly described its defense generally, as to all members included in trade association directories. Hence, this interrogatory has been fully answered.

IV.   ORDER

For the foregoing reasons, Plaintiff's motion to compel further responses from Defendant RehabCare Group, Inc. is DENIED.

IT IS SO ORDERED.

Dated:   **February 5, 2016**                     **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE

3