1
2
3
4
5              **UNITED STATES DISTRICT COURT**

6              **EASTERN DISTRICT OF CALIFORNIA**

7

8    R. FELLEN, INC.; DAKOTA MEDICAL,      |   CASE NO. 1:14-CV-2081-MCE-SMS
     INC.,
9                                          |   ORDER DENYING PLAINTIFF'S
                         Plaintiffs,       |   MOTION TO COMPEL DEFENDANT
10                                         |   CANNON & ASSOCIATES' FURTHER
                  v.                       |   RESPONSES
11
     REHABCARE GROUP, INC.; CANNON &       |   Doc. 96
12   ASSOCIATES, LLC,
13                       Defendants.

14

15         Plaintiffs bring this case against Defendants for violations of the Telephone Consumer

16   Protection Act (47 U.S.C. § 227 and 47 C.F.R. § 64.1200) regarding Defendants allegedly sending

17   "junk faxes." Plaintiff R. Fellen Inc. d/b/a Sunnyside Convalescent Hospital ("Plaintiff") brings

18   this motion to compel Defendant Cannon & Associates, LLC d/b/a Polaris Group ("Defendant" or

19   "Polaris") to provide further, unqualified responses to its second supplemental responses to

20   Plaintiff's request for production of documents. Doc. 96. The parties have submitted a joint

21   statement regarding the discovery dispute. Doc. 100. This matter is suitable for decision without

22   oral argument and is considered on the pleadings.  Local Rule 230(g).

23         I.      SUMMARY

24         In May 2015, Plaintiff served written discovery, including Plaintiff's "First Set for

25   Requests for Production," on Defendant. After two extensions, providing responses consisting of

26   exclusively objections in July 2015, "extensive" discussions between the parties, and a telephonic

27   conference with the Court, Defendant provided supplemental responses in October 2015. Plaintiff

28   believed that Defendant's supplemental responses were deficient and began the meet and confer

1    process anew. The parties agreed on several items, as evidenced by the attached emails between

2    the parties, including that Defendant would provide second supplemental responses in January

3    2016. When Defendant did not provide second supplemental responses by the agreed upon

4    deadline, Plaintiff brought this motion to compel. Prior to the hearing date, the parties noted in

5    their joint statement that Defendant had provided its second supplemental responses. Plaintiff went

6    forward with its motion, arguing that Defendant's second supplemental responses are still

7    deficient, primarily because Defendant provides responses "subject to and without waiving" its

8    objections. Defendant contends that it has answered each interrogatory in full and provided all

9    information in its possession. The parties have not sufficiently met and conferred with each other,

10   nor carefully and thoroughly read the totality of the responses, including a privilege log, prior to

11   filing and/or persuing this motion, as further detailed below.

12        II.    RELEVANT RULES

13        In response to a request for the production of documents a party must either: (1) produce

14   the requested document; (2) indicate that the requested document is not in its possession, custody,

15   or control; or (3) object and include the reasons for the objection. Fed. R. Civ. P. 34(a)(1),

16   34(b)(2)(B). If a party fails to produce documents as requested under Rule 34, a party may move

17   for an order compelling an answer, after attempting to obtain the sought information without court

18   action. Fed. R. Civ. P. 37(3)(B)(iv). Evasive or incomplete responses are treated as a failure to

19   respond. Fed. R. Civ. P. 37(4). For good cause, the court may order discovery of any matter

20   relevant to the subject matter involved in the action. Relevant information need not be admissible

21   at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible

22   evidence. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

23        III.   DISCUSSION

24        Under Rule 37(a)(1), a motion to compel discovery "must include a certification that the

25   movant has in good faith conferred or attempted to confer with the person or party failing to make

26   disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In

27   addition, the Local Rules and the Court's prior scheduling order require the parties to meet and

28   confer prior to bringing a discovery motion.

Plaintiff filed this motion on January 21, 2016, alleging that Defendant had not served second supplemental responses as promised. The hearing date was set for February 17, 2016. On February 5, 2016, Defendant provided second supplemental responses. Plaintiff did not withdraw its motion, but alleges in the joint statement filed as required on February 10, 2016, that the second supplemental responses are still deficient. Plaintiff alleges that it has communicated this to Defendant, who has stood by their responses.

This motion should be denied on the basis that the parties have insufficiently met and conferred. The meet and confer requirement is not arbitrary. The parties' joint statement indicates that prior meet and conferring had resulted in significant progress. Plaintiff filed this motion on the basis that Defendant had not provided second supplemental responses. Then, Plaintiff converted their motion into one that compels further responses to the second supplemental responses on the basis that they are deficient.  The parties have not sufficiently met and conferred regarding the second supplemental responses which were served a few days before the joint statement was filed. There is a glaring deficiency in the meet and confer process especially in regards to the privilege log, which Plaintiff seeks to compel, even though Plaintiff admittedly has not reviewed Defendant's provided privilege log. Plaintiff's motion will be denied for lack of sufficient meet and confer.

IV.   ORDER

For the foregoing reasons, Plaintiff's motion to compel is DENIED.

IT IS SO ORDERED.

Dated:   __February 16, 2016__               _____/s/ Sandra M. Snyder__
                                                    UNITED STATES MAGISTRATE JUDGE