# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. FELLEN, INC.; DAKOTA MEDICAL, INC., <br><br>Plaintiffs, <br><br>v. <br><br>REHABCARE GROUP, INC.; CANNON & ASSOCIATES, LLC, <br><br>Defendants. | CASE NO. 1:14-CV-2081-DAD-SMS <br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT CANNON & ASSOCIATES' FURTHER RESPONSES <br><br>Doc. 106 |

Plaintiffs bring this case against Defendants for violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 and 47 C.F.R. § 64.1200) regarding Defendants allegedly sending "junk faxes." Plaintiff R. Fellen Inc. d/b/a Sunnyside Convalescent Hospital ("Plaintiff") brings this motion to compel Defendant Cannon & Associates, LLC d/b/a Polaris Group ("Defendant" or "Polaris") to provide further, unqualified responses to its second supplemental responses to Plaintiff's request for production of documents. Doc. 106. The parties have submitted a joint statement regarding the discovery dispute. Doc. 109. This matter is suitable for decision without oral argument and is considered on the pleadings. Local Rule 230(g).

I.   SUMMARY

In May 2015, Plaintiff served written discovery, including Plaintiff's "First Set for Requests for Production," on Defendant. After two extensions, providing responses consisting of exclusively objections in July 2015, and a telephonic conference with the Court, Defendant provided supplemental responses in October 2015. Plaintiff believed that Defendant's supplemental responses were deficient and began the meet and confer process anew. The parties

agreed on several items, including that Defendant would provide second supplemental responses in January 2016. When Defendant did not provide second supplemental responses by the agreed upon deadline, Plaintiff brought a motion to compel. Prior to the hearing date, the parties noted in their joint statement that Defendant had provided its second supplemental responses. The motion was denied for insufficient meet and confer. The parties met and conferred one additional time by telephone conference and email, and were unable to resolve their disputes. Plaintiff filed the instant motion to compel, arguing that Defendant's second supplemental responses are still deficient because they are made "subject to and without waiving" its objections, and they fail to state whether or not they are withholding responsive documents based on their objections.

II. RELEVANT RULES

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery:
Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). If a party fails to produce documents, a party may move for an order compelling an answer, after attempting to obtain the sought information without court action. Fed. R. Civ. P. 37(3)(B)(iv). Evasive or incomplete responses are treated as a failure to respond. Fed. R. Civ. P. 37(4). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

In response to a request for the production of documents a party must either produce or provide for inspection the requested document or state with specificity the grounds for objecting to the request, including the reasons object and include the reasons for the objection. Fed. R. Civ. P. 34(a)(1), 34(b)(2)(B). An objection must state whether any responsive materials are being withheld on the basis of that objection. Fed. R. Civ. P. 34(b)(2)(C).

III. DISCUSSION

    A. <u>Conditional Responses</u>

Plaintiff argues that responses made subject to and without waiving objections are confusing and unclear as to whether Defendant is withholding documents subject to its objections. Plaintiff states that almost all of Defendant's second supplemental discovery responses were made subject to and without waiving objections and gives one example of a contested inappropriate response. Request 7.9 requests "all DOCUMENTS that describe, discuss, refer to or comprise any and all economic and non-economic benefits obtained, derived or garnered, directly or indirectly, by REHABCARE ENTITIES or POLARIS from or in connection with the PUBLICATION." Defendant responded by objecting that the request was vague and ambiguous, called for documents in the possession of another party, and was overbroad. Then without waiving the objections, Defendant responded that it has produced responsive documents. Plaintiff requests that the Court order Defendant to withdraw its responses that are made subject to and without waiving objections.

Plaintiff argues that courts widely condemn the practice of responding to discovery requests with responses that are subject to and without waiving prior objections. Plaintiff cites to case law from district courts in the Southern District of California, and district courts in Texas, Virginia, and Florida. Plaintiff's cited cases criticizing the practice as confusing, inefficient, and potentially misleading. The Southern District of California has found that written responses must be unconditional, and objections preceding a response are deemed waived. *See Perez v. United States*, 2016 U.S. Dist. LEXIS 8993, *8 (S.D. Cal. Jan. 25, 2016). However, if the responding party puts the requesting party on notice that it is withholding documents, the objection is preserved as long as the requesting party is "not left guessing as to what documents are being withheld." *Id*.

Caselaw from the Southern District of California and district courts in other states are informative but are not binding. There is no caselaw from this District or the Ninth Circuit that requires an answering party to withdraw conditional responses. Responses that are subject to and without waiving objections are not prohibited, as Plaintiff argues. Even if the practice is criticized

3

by some courts, such criticism does not provide a basis for requiring a responding party to withdraw its objections, especially when those objections are valid. In Plaintiff's example of an inappropriate conditional response, Defendant's objections are appropriate. The request appears to be vague and ambiguous regarding "economic benefit," requests documents regarding RehabCare that are not in Defendant's possession, and is overbroad in requesting all documents that refer to any indirect economic benefit obtained in connection with any fax at issue. Defendant also indicated that it had produced responsive documents. Defendant's response did not notify Plaintiff that it was withholding documents. Plaintiff has not given a reason for the Court to believe that Defendant is withholding documents. Further, the discussion regarding Rule 34(b)(2)(C) below may allay Plaintiff's concern that Defendant is withholding documents on the basis of objections.

It appears that Defendant has made clear, appropriate objections, has stated that it has provided the documents in its possession, and also provided a privilege log identifying any existing but withheld documents. Plaintiff has not objected to the contents of the privilege log in this motion. Plaintiff is not moving to compel any additional document and does not contest any of Defendant's specific objections. Rather, Plaintiff seeks that the Court compel Defendant waive its objections in seeking extra assurance that it is not withholding documents. However, Defendant's answers are not evasive or incomplete and Plaintiff has not argued that the objections are inappropriate; hence, further responses removing the objections or the conditional language will not be compelled.

In addition, Plaintiff asserts that Defendant, through the meet and confer process, agreed to withdraw responses prefaced with the language along the lines of "without waiving the foregoing objections." Defendant asserts that it did not agree to withdraw its objections. This appears to be a misunderstanding between the parties in which the Court has no reason to engage.

B. <u>Stating whether or not responsive documents are being withheld</u>

Rule 34(b)(2)(C) requires an objection to "state whether any responsive materials are being withheld on the basis of that objection." Defendant's responses either provide documents or states that it does not have responsive documents. They do not state that they do or do not have responsive materials being withheld on the basis of the objections. The requirement that an

4

objection state whether any responsive materials are being withheld on the basis of that objection is a new addition in the December 2015 amendment.  The 2015 advisory committee notes states that this amendment "should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections." Committee Notes on Rules—2015 Amendment. Plaintiff argues that it is uncertain as to whether any documents are being withheld. Hence, in compliance with the amended Federal Rules of Civil Procedure and their stated purpose, the Court will compel Defendant to serve amended responses in compliance with Rule 34(b)(2)(C). Each response with an objection must indicate whether any responsive materials are being withheld on the basis of that objection.

IV.   ORDER

For the foregoing reasons, Plaintiff's motion to compel is GRANTED IN PART. Defendant shall serve further responses in compliance with Rule 34(b)(2)(C) within fifteen (15) days of service of this order.

IT IS SO ORDERED.

Dated:   **March 29, 2016**            **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE