UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAKOTA MEDICAL, INC., | No. 1:14-cv-02081-DAD-BAM |
| Plaintiff, | |
| v. | ORDER DENYING REQUEST TO SEAL DOCUMENTS |
| REHABCARE GROUP, INC. and CANNON & ASSOCIATES, LLC, | (Doc. No. 157-1) |
| Defendants. | |

On October 28, 2016, defendant RehabCare Group, Inc. ("RehabCare") filed a motion for summary judgment, accompanied by a request for leave to file under seal certain documents relating to that motion. (*See* Doc. Nos. 157, 157-1.) Defendant seeks to seal the following documents in their entirety: (1) RehabCare's memorandum of points and authorities in support of its motion for summary judgment (*see* Doc. No. 157-3); (2) RehabCare's statement of undisputed facts; and (3) certain exhibits to the declaration of Jon M. Wilson (*see* Doc. No. 158, Exs. A, B, D, K). (Doc. No. 157-1 at 1.) For the following reasons, the request to seal as presented is denied without prejudice to renewal.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits

1

of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court orders such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). Under the "compelling reasons" standard applicable to dispositive motions,

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id*. at 1178–79 (internal quotation marks, omissions, and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation

will not, without more, compel the court to seal its records." *Id*. "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1178–79.

## DISCUSSION

Because defendant RehabCare's motion for summary judgment is dispositive, the "compelling reasons" standard applies to its request to seal. Here, defendant RehabCare is seeking to seal a number of documents including deposition transcripts and a document disclosed during discovery and designated by the parties as "confidential" pursuant to a stipulated protective order issued by the assigned magistrate judge on July 20, 2015. (*See* Doc. Nos. 50, 157-1 at 2–3.) In issuing the protective order, the court observed that "[d]isclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted." (Doc. No. 50 at 2.) The magistrate judge, however, further specifically stated that the protective order "does not entitle [the parties] to file confidential information under seal." (*Id.*)[1]

After reviewing the record and considering defendant's filings, the court finds the request for leave to seal documents is insufficient to establish that a compelling reason for secrecy.

---

[1] With respect to the filing of protected material, the protective order provides as follows:

> 12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Eastern District of California Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Eastern District of California Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Eastern District of California Local Rule 141 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

(*Id.* at 14.)

Defendant RehabCare's request is based largely on conclusory statements regarding the content of the documents sought to be sealed—namely that the deposition transcripts and document produced during discovery are "confidential" as designated by the parties under the stipulated protective order. (*See* Doc. No 157-1 at 3.) These conclusory offerings do not rise to the level of "compelling reasons" sufficiently specific to bar public access to these documents. *See Kamakana*, 447 F.3d at 1182. Indeed, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

Moreover, defendant RehabCare appears to seek leave to seal two of its legal submissions—(1) the entire memorandum of points and authorities submitted in support of its motion for summary judgment, and (2) its entire statement of undisputed facts—based solely on the fact that these documents reference material sought to be sealed or which have otherwise been designated "confidential" by the parties. (*See* Doc. No 157-1 at 3.) Such wholesale sealing can rarely be justified, especially in connection with a dispositive motion. To the extent the secrecy of certain documents referred to in the points and authorities and other documents filed in connection with the summary judgment motion is warranted, the court advises that defendant publicly file its legal submissions in redacted form in accordance with Local Rule 140, along with a proposed order to seal the unredacted version in accordance with Local Rule 141.

Accordingly, because defendant RehabCare has failed to meet its burden to show a compelling reason to seal its documents in their entirety, its motion for leave to file documents under seal is denied.

## CONCLUSION

For the reasons set forth above,

1. Defendant RehabCare's request to seal (Doc. No. 157-1) is denied;
2. Pursuant to Local Rule 141(e)(1), the Clerk of the Court is directed to return to the parties the documents for which sealing has been denied;
3. Defendant RehabCare is granted leave to refile its request to seal, identifying the specific portions of documents which it believes must be filed under seal and

providing the compelling reason or other applicable reasons in support of such request to seal.

IT IS SO ORDERED.

Dated:   **November 1, 2016**　　　　　　　／s／ Dale A. Drozd
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

5