UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAKOTA MEDICAL, INC., individually, and on behalf of all others similarly situated, | No. 1:14-cv-02081-DAD-BAM |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ADDITIONAL CLASS DISTRIBUTIONS |
| v. | |
| REHABCARE GROUP, INC., et al., | (Doc. No. 224) |
| Defendants. | |

This matter is before the court on plaintiff Dakota Medical, Inc.'s motion for approval of additional class distributions. (Doc. No. 224.) Defendants RehabCare Group, Inc. and Cannon & Associates, LLC each filed statements of non-opposition to the motion. (Doc. Nos. 225, 226.) A hearing on the motion was held on December 17, 2019. Attorneys Charles Darryl Cordero and Donald R. Fischbach appeared telephonically on behalf of plaintiff and the class, and attorneys David L. Jordan and Oliver W. Wanger appeared telephonically on behalf of defendants. Having considered the motion, the declarations of Kenneth Jue dated November 19, 2019 and December 19, 2019, defendants' non-oppositions, and the argument of counsel, the court will grant plaintiff's motion for approval of additional class distributions.

On September 21, 2017, the court granted final approval of the class action settlement, awarded attorneys' fees and incentive payments, and directed distribution of the settlement.

1

(Doc. No. 189.) Pursuant to the terms of the settlement agreement, the settlement administrator KCC distributed settlement checks in the total sum of $6,739,088.97 to 12,294 class members. (Doc. No. 215-2 at ¶ 3.) This distribution occurred in two parts: Distribution 1A ($2,256,563.68) consisted of 4,823 checks payable to class members that were entitled to receive less than $600 based on the settlement formula, and to class members that were entitled to receive $600 or more and had provided valid taxpayer identification numbers ("TINs"). (*Id.*) Distribution 1B ($4,482,525.29) consisted of 7,471 checks payable to class members that were entitled to receive $600 or more but had not provided valid TINs. (*Id.*) In accordance with the final approval order, these class members were mailed checks in the amount of $599.99, as well as a notice informing them that their payments were limited because KCC did not receive a valid TIN from them.[1] (*Id.*) KCC reserved the balance of funds due to these members for payments in subsequent years. (*Id.* at ¶ 6.)

After Distributions 1A and 1B were completed, 1,160 class members provided valid TINs to KCC. (*Id.* at ¶ 4.) Accordingly, on December 29, 2017, KCC issued an additional 1,160 checks totaling $1,538,800.29 to these class members, representing the balance of their payments. (*Id.*) KCC identifies this distribution as Distribution 2A. (*Id.*)

The settlement agreement afforded class members 120 days from the check date in which to negotiate their settlement checks. (Doc. No. 171 at ¶ 11.A.) From Distributions 1A, 1B, and 2A, a total of 2,060 checks remained uncashed in the cumulative amount of $1,004,797.29. (Doc. No. 221 at ¶ 4.) Under the settlement agreement:

> If any portion of the Members' Payment Amount remains after initial distribution to Settlement Class Members, including but not limited to amounts represented by Uncashed Checks and checks returned as undeliverable by the United States Postal Service, the Settlement Administrator shall make a further distribution to Settlement Class Members that timely negotiated checks in the initial distribution, unless the amounts involved are too small to make individual distribution economically viable.

---

[1] Plaintiff previously represented to the court that $600 is the threshold that triggers certain reporting requirements with the Internal Revenue Service ("IRS"). (Doc. No. 184 at 3.) In its order granting final approval of the settlement, the court authorized KCC to pay class members who fail to provide valid TIN information annual installments of less than $600 each. (Doc. No. 189 at 11.)

(Doc. No. 171 at 14.)

On August 3, 2018, plaintiff moved for approval of additional class distributions because a redistribution was economically viable. (Doc. No. 215-1 at 4.) On September 20, 2018, the court approved plaintiff's motion and ordered the settlement administrator to distribute $3,786,536.89 to 6,311 class members that had failed to provide valid TINs, with the amount per member not exceeding $599.99, and $1,004,797.29 to class members that had cashed checks in the initial distribution or in either Distribution 1B or 2A. (Doc. No. 222 at 3–4.) The court also ordered that KCC take additional measures to obtain valid TINs and include a notice and form with each $599.99 check for members to complete and provide a valid TIN. (*Id*. at 4.)

On May 15, 2019, plaintiff filed a status report regarding the additional (series 3) distributions made pursuant to the court's September 20, 2018 order. (Doc. No. 223.) On October 22, 2018, KCC distributed $3,875,576.34 to some 11,542 class members in two parts. (Doc. No. 224-1 at 2.) In Distribution 3A, $423,833.87 in funds from uncashed checks in the series 1 distributions were redistributed to 5,791 class members. (*Id*.) In Distribution 3B, $3,451,742.47 were distributed to 5,751 class members that were entitled to receive $600 or more but that had not provided valid TINs and were, accordingly, issued checks in the amount of $599.99. (*Id*. at 2–3.) KCC declared that 15% of all checks issued in Distributions 3A and 3B were not cashed (Doc. No. 223-1 at ¶ 4), and the value of those uncashed checks totals $673,232.87 (Doc. No. 230 at ¶ 5).[2] In addition, plaintiff explained that because the number of class members that had not provided valid TINs remained high, plaintiff directed KCC to increase its outreach efforts to members that remain eligible for $600 or more. (Doc. No. 223 at 2.) Plaintiff advised the court that a formal motion for additional class distributions would be made after the results of that outreach effort became known. (*Id*.) As a result of KCC's efforts to obtain valid TINs from this group of class members, including a telephone outreach campaign in May and June, KCC has obtained valid TINs from an additional 1,247 members. (Doc. No. 224-1 at 3.) According to plaintiff, by the end of 2019, KCC will distribute the balance of funds

---

[2] Class members were provided 120 days from the check date in which to negotiate their series 3 distribution checks. (Doc. No. 224-1 at 3.)

due these members, totaling $1,181,328.23. (Doc. No. 230 at ¶ 3.)

KCC now holds $6,005,199.23 in class funds, which represents the amounts from uncashed checks, the reserved amounts payable to class members that have not provided valid TINs, the amounts payable to class members who have provided TINs, and the reserve amount of $18,898.70 for administrative expenses. (Doc. No. 230 at ¶ 6.) Plaintiff now requests that this court approve three additional distributions: (1) a distribution in December 2019 for class members that have not provided a TIN, with payments capped at $599.99; (2) a distribution in January 2020 for class members that have still failed to provide a TIN, again with payments capped at $599.99; and (3) a distribution of the excess funds from uncashed checks for class members that cashed checks from the series 3 distributions, less the administrator's expenses for the three distributions. (Doc. Nos. 224-1 at 2, 5; 230 at ¶¶ 5, 6.)

KCC is prepared to distribute funds in December 2019 to class members that are eligible to receive $600 or more but that have not provided valid TINs. (Doc. No. 224-1 at 4.) KCC projects a total distribution of $2,031,730.66 to 3,520 class members, with a cost of $9,872. (*Id*.) KCC also projects that this distribution will complete the payouts of reserved funds to some 370 class members. (*Id*.)

Similarly, KCC is prepared to distribute $1,141,434.21 in January 2020 to class members that have not provided valid TINs (3,180 class members). (*Id*.) KCC projects that this proposed 2020 distribution would complete the payouts of reserved funds to 3,059 members that did not provide valid TINs, leaving $850,808.63 remaining to be distributed to 127 members that have not provided valid TINs. (*Id*.) KCC anticipates that payouts to the remaining members, with annual payments capped at $599.99, would be completed by 2024, with the vast majority completed in 2022. (*Id*. at 4–5, n. 2.) Two class members would receive their last payment in 2023, and only one class member would receive a payment in 2024. (*Id*.) KCC projects this January 2020 distribution will cost $9,026.70. (*Id*.)

Additionally, Plaintiff believes a redistribution of uncashed checks is economically viable and requests this court approve a redistribution of the funds from uncashed checks ($673,232.87), less administrative expenses for the three proposed distributions ($18,898.70), for a total

4

distribution of $654,334.17. (Doc. No. 230 at ¶ 5.) KCC projects that at least 9,808 class members are eligible to participate in this proposed redistribution because they cashed checks in the series 3 distributions. (Doc. No. 224-1 at 5.) Specifically, $342,848.67 would be distributed to the 6,622 members that provided TINs or for whom TINs are not required, and the balance would be credited to the accounts of the 3,186 members that have failed to provide TINs and payable subject to the $599.99 per annum ceiling. (*Id*. at 5–6.) KCC projects this redistribution will cost $5,844. (*Id*. at 5.)

Accordingly, it is hereby ordered that:

1. The settlement administrator shall, no later than December 31, 2019, distribute $2,031,730.66 to 3,520 class members that have not provided valid taxpayer identification numbers to KCC. The amount payable per member shall not exceed $599.99. KCC shall include a notice with each check that informs the member that payment was limited because the member failed to provide a valid taxpayer identification number, and KCC shall include a form for the member to complete to provide that number to KCC;

2. The settlement administrator shall, after January 1, 2020 but no later than January 31, 2020, distribute $1,141,434.21 to 3,180 class members that have not provided valid taxpayer identification numbers to KCC. The amount payable per member shall not exceed $599.99. KCC shall include a notice with each check that informs the member that payment was limited because the member failed to provide a valid taxpayer identification number, and KCC shall include a form for the member to complete to provide that taxpayer identification number to KCC;

3. The settlement administrator shall, no later than December 31, 2019, redistribute $654,334.17 to all class members that cashed checks in series 3 distributions and calculate payments to each member in accordance with paragraph 3.B of the settlement agreement, (Doc. No. 171). For class members that have not provided taxpayer identification numbers, KCC shall credit that member's account for subsequent distribution subject to the $599.99 per annum cap;

4. All checks payable to class members in these distributions shall expire 120 days after mailing, and KCC is authorized to close the account on which the checks are drawn or otherwise take expedient measures to stop payment on the checks 125 days after mailing;

5. The settlement administrator shall pay itself from the common fund the balance it is owed, not to exceed $18,898.70, for the costs of administration of the distributions ordered herein; and

6. Plaintiff shall file a report of the status of the settlement account with the court on or before June 15, 2020, detailing the results of the distributions ordered herein and providing an accounting of funds remaining in the class settlement fund at that time.

IT IS SO ORDERED.

Dated: **December 26, 2019**

UNITED STATES DISTRICT JUDGE