UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAKOTA MEDICAL, INC., individually, and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>REHABCARE GROUP, INC., et al.,<br><br>            Defendants. | No.  1:14-cv-02081-DAD-BAM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ADDITIONAL CLASS DISTRIBUTIONS<br><br>(Doc. No. 232) |

        This matter is before the court on plaintiff Dakota Medical, Inc.'s third motion for approval of additional class distributions. (Doc. No. 232.) Pursuant to General Order No. 617 addressing the public health emergency posed by the coronavirus pandemic, the court took this matter under submission to be decided on the papers. (Doc. No. 233.) Having considered the motion, the declaration of Kenneth Jue dated November 23, 2021, and the argument of counsel, the court will grant plaintiff's motion for approval of additional class distributions.

        On September 21, 2017, the court granted final approval of the class action settlement in the amount of $25 million, awarded attorneys' fees and incentive payments, and directed distribution of the settlement. (Doc. No. 189.)  Pursuant to the terms of the settlement agreement, the settlement administrator KCC distributed settlement checks in the total sum of $6,739,088.97 to 12,294 class members. (Doc. No. 215-2 at ¶ 3.)  This distribution occurred in

two parts: Distribution 1A ($2,256,563.68) consisted of 4,823 checks payable to class members that were entitled to receive less than $600 based on the settlement formula, and to class members that were entitled to receive $600 or more and had provided valid taxpayer identification numbers ("TINs"). (*Id.*) Distribution 1B ($4,482,525.29) consisted of 7,471 checks payable to class members that were entitled to receive $600 or more but had not provided valid TINs. (*Id.*) In accordance with the final approval order, these class members were mailed checks in the amount of $599.99, as well as a notice informing them that their payments were limited because KCC did not receive a valid TIN from them.[1] (*Id.*) KCC reserved the balance of funds due to these members for payments in subsequent years. (*Id.* at ¶ 6.)

Plaintiff has previously moved twice for court approval of additional class distributions, as provided by the settlement agreement, and the court granted those motions on September 20, 2018 and December 27, 2019, respectively. (Doc. Nos. 222, 231.)

Plaintiff now moves for a third time for court approval of additional class distributions because KCC continues to hold a little over $1.7 million in class funds. (Doc. No. 232-1 at 2; 232-2 at ¶ 3.) Plaintiff requests that the court approve the following three additional distributions: (1) a distribution in December 2021 for class members that have not provided a TIN, with payments capped at $599.99; (2) a small distribution in January 2022 for class members that have still failed to provide a TIN, but these payments will not be capped at $599.99 because there are so few members whose payments would be capped and "KCC believes it can pay these members with backup withholding without IRS penalty"; and (3) a distribution of the excess funds from uncashed checks for class members that cashed checks from distributions in 2019 and 2020, less the administrator's expenses for these three additional distributions. (Doc. Nos. 232-1 at 2, 4–5; 232-2 at ¶ 7.)

/////

---

[1] Plaintiff previously represented to the court that $600 is the threshold that triggers certain reporting requirements with the Internal Revenue Service ("IRS"). (Doc. No. 184 at 3.) In its order granting final approval of the settlement, the court authorized KCC to pay class members who fail to provide valid TIN information annual installments of less than $600 each. (Doc. No. 189 at 11.)

KCC is prepared to distribute funds in December 2021 to class members that are eligible to receive $600 or more but that have not provided valid TINs. (Doc. No. 232-2 at ¶ 7.) KCC projects a total distribution of $337,478.65 to 3,049 class members, with an administration cost of $10,060.00. (*Id*. at ¶¶ 7, 11.) KCC also projects that this distribution will complete the payouts of reserved funds to some 2,987 class members. (*Id*.)

Similarly, KCC is prepared to distribute $13,131.27 in January 2022 to class members that have not provided valid TINs (62 class members). (*Id*.) KCC projects that this proposed January 2022 distribution would complete the payouts of reserved funds to all members that did not provide valid TINs because KCC will not cap these payments at $599.99. (*Id.* at ¶ 7.) This is because there would be only 5 class members who would be owed money in future distributions in 2023 and 2024 if these payments were capped, and rather than necessitate further yearly payments for those 5 members, KCC with pay them their entire amount due in this January 2022 distribution. (*Id.* at ¶ 7.) KCC projects this January 2022 distribution will cost $205.00. (*Id*. at ¶ 11.)

Additionally, plaintiff believes a redistribution of uncashed checks is economically viable and requests this court approve a redistribution of the funds from uncashed checks from the 2019 and 2020 distributions ($434,182.28). (Doc. No. 232-1 at 5.) In addition, adding the undistributed funds ($879,687.48) would increase the total distribution to at least $1,313,869.76. (*Id.*) KCC estimates that 8,972 class members are eligible to participate in this redistribution because they cashed checks in the 2019 and 2020 distributions. (Doc. No. 232-2 at ¶ 8–9.) KCC recommends that this redistribution take place in July 2022 so that funds from any uncashed checks sent in December 2021 and January 2022 can be included in this redistribution. (*Id.* at ¶ 9.) KCC projects this redistribution will cost $29,334.00. (*Id.* at ¶ 11.)

Accordingly, it is hereby ordered that:

1. The settlement administrator shall, no later than December 31, 2021, distribute $337,478.65 to 3,049 class members that have not provided valid taxpayer identification numbers to KCC. The amount payable per member shall not exceed $599.99. KCC shall include a notice with each check that informs the member

that payment was limited because the member failed to provide a valid taxpayer identification number, and KCC shall include a form for the member to complete to provide that number to KCC;

2. The settlement administrator shall, after January 1, 2022 but no later than January 31, 2022, distribute $13,131.27 to the 62 class members that have not provided valid taxpayer identification numbers to KCC;

3. The settlement administrator shall, no later than July 31, 2022, redistribute at least $1,313,869.76 to all class members that cashed checks in the 2019 and 2020 series distributions and calculate payments to each member in accordance with paragraph 3.B of the settlement agreement, (Doc. No. 171). For class members that have not provided taxpayer identification numbers, KCC shall credit that member's account for subsequent distribution subject to the $599.99 per annum cap;

4. All checks payable to class members in these distributions shall expire 120 days after mailing, and KCC is authorized to close the account on which the checks are drawn or otherwise take expedient measures to stop payment on the checks 125 days after mailing;

5. The settlement administrator shall pay itself from the common fund the balance it is owed, not to exceed $39,599.00, for the costs of administration of the distributions ordered herein; and

6. Plaintiff shall file a report of the status of the settlement account with the court on or before August 15, 2021, detailing the results of the distributions ordered herein and providing an accounting of funds remaining in the class settlement fund at that time.

IT IS SO ORDERED.

Dated: **December 7, 2021**

UNITED STATES DISTRICT JUDGE

4