UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAKOTA MEDICAL, INC., individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>REHABCARE GROUP, INC., et al.,<br><br>        Defendants. | No. 1:14-cv-02081-NODJ-BAM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ADDITIONAL CLASS DISTRIBUTIONS AND SUBSTITUTION OF LEAD CLASS COUNSEL<br><br>(ECF No. 236) |

Before the court is plaintiff Dakota Medical, Inc.'s unopposed motion for approval of additional class distributions and substitution of lead class counsel. (ECF No. 236.) The court took this matter under submission to be decided on the papers. (ECF No. 239.) Having considered the motion, the status report dated January 31, 2024, and supporting declarations, the court will grant plaintiff's motion for approval of additional class distributions and substitution of lead class counsel.

**I.  Motion for Approval of Additional Class Distributions**

On September 21, 2017, the court granted final approval of the class action settlement in the amount of $25 million, awarded attorneys' fees and incentive payments, and directed distribution of the settlement. (ECF No. 189.) Pursuant to the terms of the settlement agreement, the settlement administrator KCC distributed settlement checks in the total sum of $6,739,088.97

1

1    to 12,294 class members.  (ECF No. 215-2 at ¶ 3.)  This distribution occurred in two parts:
2    Distribution 1A ($2,256,563.68) consisted of 4,823 checks payable to class members that were
3    entitled to receive less than $600 based on the settlement formula, and to class members that were
4    entitled to receive $600 or more and had provided valid taxpayer identification numbers
5    ("TINs").  (*Id.*)  Distribution 1B ($4,482,525.29) consisted of 7,471 checks payable to class
6    members that were entitled to receive $600 or more but had not provided valid TINs.  (*Id.*)  In
7    accordance with the final approval order, these class members were mailed checks in the amount
8    of $599.99, as well as a notice informing them that their payments were limited because KCC did
9    not receive a valid TIN from them.[1]  (*Id.*)  KCC reserved the balance of funds due to these
10   members for payments in subsequent years.  (*Id.* at ¶ 6.)

11   　　　Plaintiff has previously moved for court approval of additional class distributions, as
12   provided by the settlement agreement, and the court granted those motions on September 20,
13   2018, December 27, 2019, and December 8, 2021, respectively.  (ECF Nos. 222, 231, 234.)

14   　　　Plaintiff now moves for a fourth time for court approval of additional class distributions
15   because KCC now holds a little over $204,000.00 in class funds.  (ECF No. 236-2 at ¶ 4; ECF
16   No. 237 at 2.)  Plaintiff requests that the court direct KCC to:  (1) restore the attorneys' expense
17   reserve ($1,200.00) to the class settlement fund; (2) distribute $192,891.32 to 7,585 eligible class
18   members who cashed checks from distribution 8A no later than April 30, 2024; (3) apply an
19   amount not to exceed $19,414.00 from the settlement fund balance to cover costs of the
20   distribution; and (4) increase the administrative cost reserve by $4,000.00 and use uncashed
21   checks from the proposed distribution to recapture the remaining administrative cost, not to
22   exceed $19,414.00, of the proposed distribution.  (ECF Nos. 236 at 2.)

23   　　　The settlement fund holds $1,200.00 for attorney expenses in reserve.  (ECF No. 236-2 at
24   ¶¶ 4, 9.)  Pursuant to the court's final approval of the class action settlement, the unused portion

---

[1] Plaintiff previously represented to the court that $600 is the threshold that triggers certain reporting requirements with the Internal Revenue Service ("IRS").  (ECF No. 184 at 3.)  In its order granting final approval of the settlement, the court authorized KCC to pay class members who fail to provide valid TIN information annual installments of less than $600 each. (ECF No. 189 at 11.)

1   of the attorney expense reserve, if any, was to return to the common fund after the initial

2   distribution.  (ECF No. 189 at 18.)  Because $1,200.00 is currently held in the attorney expenses

3   reserve after multiple distributions, the court finds that restoring the $1,200.00 attorney expense

4   reserve to the common fund is appropriate.

5       As noted, in total, the settlement fund now holds a little over $204,000.00.  (ECF No. 236-

6   2 at ¶ 4; ECF No. 237 at 2.)  Plaintiff requests that KCC distribute $192,891.32 to the 7,585

7   eligible class members who cashed checks from distribution 8A.  (ECF No. 236 at 2; ECF No.

8   237 at 2.)  After distribution costs, the average eligible class members would receive $25.43.

9   (ECF No. 237 at 2.)  KCC estimates that the administrative cost of the proposed distribution

10  would not exceed $19,414.00.  (ECF No. 236-2 at ¶ 10; ECF No. 237 at 3.)

11      Together, the proposed distribution and estimated administrative cost exceed the current

12  settlement fund balance.  (ECF No. 237 at 2.)  Nonetheless, KCC has indicated that it would be

13  willing to increase the administrative expenses reserve, currently at $7,385.16, by $4,000 and

14  recoup the balance of the distribution amount from amounts leftover from uncashed checks.

15  (ECF No. 236-2 at ¶ 10; ECF 237 at 4.)  KCC indicates that this would reasonably increase the

16  distribution amount to class members.  (ECF 236-2 at ¶ 10.)  Further, plaintiff projects that this

17  may be the final distribution because further distributions would not be economically viable.

18  (ECF 237 at 2, 4.)  Accordingly, the court finds that a distribution of $192,891.32 to the 7,585

19  eligible class members as proposed to be reasonable.

20      **II.    Motion to Substitute Lead Class Counsel**

21      Plaintiff also moves to withdraw and substitute out lead class counsel C. Darryl Cordero

22  of Payne & Fears LLP.  Effective February 1, 2024, attorney C. Darryl Cordero took inactive

23  status with the California bar.  (ECF No. 236-1 ¶ 2.)  Attorney C. Darryl Cordero has also

24  indicated he will withdraw from membership of the bar of this court.  (*Id.* ¶ 3.)  Accordingly, the

25  court finds the withdrawal of lead class counsel C. Darryl Cordero to be appropriate.

26      Plaintiff proposes that Scott O. Luskin of Payne & Fears LLP be substituted as lead class

27  counsel.  (ECF No. 236 at 2.)  Scott O. Luskin has been active in this case since its inception in

28  2015 and is familiar with the settlement and class distributions.  (ECF No. 236-1 ¶ 3.)  The court

finds Scott O. Luskin to be well-qualified to represent the class as lead class counsel and will grant the requested substitution of counsel.

### III. Conclusion

Accordingly:

1. The unopposed motion for approval of additional class distributions and substitution of lead class counsel (ECF No. 236) is granted;

2. The settlement administrator shall, no later than April 30, 2024, distribute $192,891.32 to 7,585 class members who cashed checks from distribution 8A in accordance with the formula set forth in the settlement agreement;

3. All checks payable to class members in this distribution shall expire 120 days after mailing, and KCC is authorized to close the account on which the checks are drawn or otherwise take expedient measures to stop payment on the checks 125 days after mailing;

4. The settlement administrator shall restore $1,200.00 currently held in the attorney expense reserve to the common fund and shall increase the administrative expenses reserve by $4,000.00;

5. The settlement administrator shall pay itself the balance it is owed, not to exceed $19,414.00, for the administrative costs of the distribution ordered herein by using the funds held in the administrative expenses reserve and recouping the remaining balance from the uncashed checks from the distribution ordered herein;

6. Plaintiff shall file a report of the status of the settlement account with the court on or before October 1, 2024, detailing the results of the distributions ordered herein and providing an accounting of funds remaining in the class settlement fund at that time;

7. Attorney C. Darryl Cordero of Payne & Fears LLP is hereby terminated as lead settlement class counsel, and Scott O. Luskin of Payne & Fears LLP is hereby designated and appointed as lead settlement class counsel; and

/////

8. The Clerk of the Court is directed to update the docket to reflect that attorney Scott O. Luskin of Payne & Fears LLP has replaced attorney C. Darryl Cordero of Payne & Fears LLP as lead class counsel in this action.

IT IS SO ORDERED.

Dated: **February 22, 2024**

UNITED STATES DISTRICT JUDGE